UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

WHIRLPOOL CORPORATION,
a Delaware corporation,

       Plaintiff,

v.                                        Case No:

RECLEIM LLC,
a Delaware corporation,                  Hon.

       Defendant.

## COMPLAINT

Plaintiff, Whirlpool Corporation ("**Whirlpool**"), through its counsel Warner Norcross + Judd LLP, for its Complaint against Recleim LLC ("**Recleim**"), states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Whirlpool is a Delaware corporation with its principal place of business located in Berrien County, Michigan.

2. Defendant Recleim, LLC, is a Delaware corporation with its principal place of business at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, 30342.

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to Whirlpool's claim occurred in this District.

## GENERAL ALLEGATIONS

5. Whirlpool manufactures and sells home appliances to its customers.

6. Recleim engages in the business of recycling appliances.

7. As part of its business, Recleim removes older appliances from housing units for recycling and replaces them with new appliances.

8. On or about January 2, 2018, Whirlpool submitted to Recleim Quote No. 4001197520 (the "**Quote**").  A copy of the Quote is attached as Exhibit A.[1]

9. In connection with the Contract, Recleim submitted to Whirlpool a Credit Application (the "**Credit Application**") dated January 19, 2018. A copy of the Credit Application is attached as Exhibit B.

10. On or about January 19, 2018, Recleim signed both the Quote and the Credit Application (collectively, the "**Contract**").

11. Under the terms of the Contract, Recleim granted Whirlpool a security interest in, whether then owned or thereafter arising or acquired, and wheresoever located (i) all inventory and equipment made, sold, or distributed by Whirlpool; (ii) all of Recleim's rights to any payments due to Recleim from Whirlpool; (iii) all accessions and replacements to or of any of the foregoing; and (iv) all proceeds and products of any of the foregoing, including but not limited to insurance proceeds payable by reason of loss or damage to any of the foregoing (collectively, the "**Collateral**").

12. Whirlpool perfected its security interest in the Collateral by filing a UCC-1 financing statement.

---

[1] Commercially sensitive pricing information has been redacted from Exhibit A.

13. Under the terms of the Contract, Recleim agreed to pay Whirlpool a late charge in the amount of 2% per month or the maximum rate permitted by law on past due amounts owed to Whirlpool.

14. Under the terms of the Contract, Whirlpool is entitled to recover its attorneys' fees and costs if Whirlpool must initiate collection activities to recover any credit extended on Recleim's account.

15. Further, under the terms of the Contract, if an action is commenced to enforce the terms of the Contract, the prevailing party is entitled to its reasonable attorneys' fees and costs from the other party.

16. Pursuant to the Contract, Whirlpool sold appliances to Recleim (the "**Products**").

17. Whirlpool invoiced Reclaim for the Products.

18. Recleim failed to pay all invoices when due. A summary of open and unpaid invoices is attached as Exhibit C.

19. On January 23, 2020, Whirlpool accelerated the total unpaid balance due to Whirlpool from Recleim, in accordance with the terms of the Contract.

20. As of February 13, 2020, Whirlpool is owed $475,967.75, including an unpaid balance of $469,485.00 and late charges of $6,482.75, plus costs and attorneys' fees.

## COUNT I – BREACH OF CONTRACT

21. Whirlpool incorporates its allegations contained in the preceding paragraphs.

22. Whirlpool and Recleim entered into a Contract for the sale of appliances by Whirlpool to Recleim.

23. Pursuant to the Contract, Whirlpool sold appliances on credit to Recleim, and Recleim agreed to pay for the appliances Recleim purchased.

24. Recleim breached the parties' Contract by failing to pay the amounts due Whirlpool for appliances Recleim purchased from Whirlpool.

25. Under the terms of the Contract, Whirlpool is entitled to recover its attorneys' fees and costs if Whirlpool must initiate collection activities to recover any credit extended on a customer's account.

26. Further, under the terms of the Contract, if an action is commenced to enforce the terms of the Contract, the prevailing party is entitled to its reasonable attorneys' fees and costs from the other party.

27. As of February 13, 2020, Whirlpool has been damaged in the amount of $475,967.75, including an unpaid balance of $469,485.00 and late charges of $6,482.75, plus costs and attorneys' fees.

WHEREFORE, Whirlpool requests that this Court:

A. Grant Whirlpool a judgment against Recleim for the amount due of $475,967.75, plus continuing late charges;

B. Grant Whirlpool a judgment against Recleim for the attorneys' fees and costs it incurs under the terms of the Contract; and,

C. Grant Whirlpool any other relief this Court determines is just and proper.

## COUNT II - CLAIM AND DELIVERY

28. Whirlpool incorporates its allegations contained in the preceding paragraphs.

29. Under the Contract, Whirlpool has a security interest in the Collateral.

30. The security interest Whirlpool was perfected by filing a UCC-1 Financing Statement.

31. The security interest secures payment and performance of all indebtedness and obligations that Recleim owes to Whirlpool (the "**Debts**").

32. Upon information and belief, the Collateral is located at 2160 Cloverleaf, Suite E, Columbus, Ohio, or perhaps other locations since the Collateral is movable.

33. The Collateral has an estimated value of $30,000.00.

34. The Collateral is comprised of independent pieces of property or a portion of visible property of uniform kind, quality, and value.

35. To the best of Whirlpool's knowledge, the Collateral is not in custody of the law by virtue of a warrant for the collection of any tax, assessment or fine, or a judgment or execution.

36. By reason of Recleim's defaults, Whirlpool is entitled to possession of the Collateral. Whirlpool hereby makes demand for delivery of the Collateral.

37. The Collateral is presently subject to damage, accident, sale, or deterioration due to the passage of time, depreciation, and disposal or dissipation by Recleim.

WHEREFORE, Whirlpool requests that this Court:

A. Grant Whirlpool a judgment of possession of the Collateral to allow Whirlpool to sell the Collateral and apply the proceeds against the Debts;

B. Grant Whirlpool its costs and attorneys' fees it incurred in exercising its rights under the Contract; and,

C. Grant Whirlpool any other relief this Court determines is just and proper.

6

WARNER NORCROSS + JUDD LLP

Dated: February 14, 2020   By: */s/ Emily S. Rucker*
Emily S. Rucker (P79228)
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
(616) 752-2764
erucker@wnj.com

*Attorneys for Plaintiff*

19634086-2